James E. SCHERMBECK, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–84–00219–CR.

Court of Appeals of Texas, Dallas.

March 20, 1985.

Peter A. Lesser, Hicks, Gillespie, James & Lesser, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, ALLEN and McCLUNG, JJ.

ALLEN, Justice.

James E. Schermbeck appeals his conviction for obstruction of a passageway. Punishment was assessed at 90 days in the county jail and by a $500.00 fine. The appellant contends the trial court erred in (1) failing to charge on the defense of necessity; (2) refusing to permit showing of appellant's state of mind; and (3) excluding evidence beneficial to appellant's contentions. We disagree with appellant's contentions and affirm his conviction.

On August 12, 1983 the appellant and two companions handcuffed themselves to the front door of a reception area of Texas Utilities located on the 16th floor of Bryan Tower Building in Dallas. The door was rendered non-functional since Texas Utilities was unable to use the passageway for its ordinary use. The appellant testified that his reason for blocking the passage way was because he was frightened about the effect of low level radiation from Texas Utilities' Comanche Peak Power plant at Glen Rose which he understood was to be loaded with fuel in September and was to go on line at the end of 1983. The manager of the Texas Utilities Company office requested that appellant and his companions leave and when they failed to leave, he notified security.

■ Appellant first contends that the court committed reversible error by failing to charge the jury on the issue of necessity. TEX.PENAL CODE ANN. § 9.22 (Vernon 1971) reads as follows:

Conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh; according to ordinary standards of reasonableness, the harm sought to be prevented by the law prescribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

The appellant testified that his fears were based on an occurrence that was to take place after September 1, 1983. This fear would not constitute reasonable belief that his obstructing a passageway on August 12, 1983 is immediately necessary to avoid imminent harm, § 9.22(1), and therefore would not raise the defense of necessity. The court properly refused to charge the jury on necessity as justification. *Johnson v. State*, 650 S.W.2d 414, 416 (Tex.Crim. App.1983); *Bush v. State*, 624 S.W.2d 377 (Tex.App.—Dallas 1981, no pet.). No error is presented.

■ Appellant next contends that the trial court erred by excluding evidence showing appellant's state of mind at the time of the alleged offense. Appellant complains that the court sustained the prosecution's objections to questions about appellants' fear of danger from nuclear power at the Comanche Peak reactor. He argues that the court's action, prevented him from showing the jury his state of mind at the time of the alleged offense. Appellant relies on 54 objections made by the prosecutor, 43 of which he claims were sustained. The appellant has not quoted in his brief the question, objections and court ruling he relies on to support his ground of error. The court is referred to 41 pages of the statement of facts without particular designation as to the specific error complained of. This makes it impossible for this court to locate the errors that appellant's complaint is directed toward and to make a proper disposition thereof. When an appellant assigns a single ground of error to multiple portions of testimony or to multiple acts, the requirements of TEX. CODE CRIM.PROC.ANN. art. 40.09(9) (Vernon Supp.1982) are not satisfied and nothing is presented for our review. *Chappell v. State*, 519 S.W.2d 453, 457 (Tex.Crim.App.1975).

Nonetheless, we have reviewed those portions of the record which appellant contends caused reversible error. We note several instances where the court properly sustained the prosecutor's objection because the answer of the witness was unresponsive, or repetitious, or not relevant to an issue in the case. There are several instances where the court overruled the prosecutor's objection to testimony as not being relevant. In several instances the court properly sustained the prosecutor's objection to narrative testimony. We are unable to pick out the exact objections and rulings appellant relies on.

■ As to appellant being allowed to show his reasons for participating in the alleged criminal act, to show his fears of the dangers of nuclear power at the Comanche Peak plant and to show his state of mind at the time of the alleged offense, we find that the trial court admitted sufficient evidence to show appellant's contention as to each. The defendant's state of mind that is directly related to the criminal offense alleged in the instant case is whether the appellant knowingly or intentionally committed the act which constitute the offense charged. None of the objections complained of dealt with evidence relating to whether appellants conduct was knowingly or intentionally carried out. No error is presented.

■ Appellant's last ground of error is also multifarious. He complains that the court erred in excluding the testimony of two expert witnesses and 31 exhibits. Appellant failed to point out with particularity any testimony of the expert witnesses he deems to be admissible and relevant to the instant case. He invites the court to read their testimony, consisting of some 25 pages in the statement of facts, and apply it to the appellant's defensive theory. Likewise appellant fails to point out with particularity why it was error to refuse to admit into evidence each of the 31 exhibits but suggests for this court to examine each exhibit and apply them to appellant's defensive theory. This ground of error does not comply with TEX.CODE CRIM.PROC. ANN. art. 40.09(9) and fails to preserve error. *Ely v. State*, 582 S.W.2d 416, 421 (Tex.Crim.App.1979).

■ Appellant represents that his defensive theory, which he hoped to show by the expert witnesses and the exhibits, was the

dangers of nuclear power and the nuclear power plant at Comanche Peak as the basis for the state of mind he was in at the time of the offense. Appellant contends that his state of mind justified his actions. Appellant testified as to his reasons for violating the law in the instant case. In doing so he demonstrated that he was well aware of his conduct and that he committed the acts knowingly and intentionally. We hold that testimony showing that nuclear power and nuclear power plants may present certain dangers does not constitute a justification for appellant to commit a criminal act as he did in the instant case. We deem inappropriate the case authority cited by appellant to support his position under this ground of error. No error is presented.

We affirm.