**Roger Michael BRUMLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–90–0049–CR.**

Court of Appeals of Texas,
Amarillo.

Feb. 26, 1991.

David D. Garza, Denette Vaughn, Lubbock, for appellant.

Travis Ware, Dist. Atty., Michael West, Asst. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C.J., and BOYD and POFF, JJ.

BOYD, Justice.

In three points of error, appellant Roger Michael Brumley attacks his conviction of criminal trespass and the resulting jury-assessed punishment of fifteen (15) days confinement in the Lubbock County Jail and a fine of one thousand ($1,000.00) dollars. The thrust of those points is that the trial court erred in refusing to allow him to voir dire the jury panel on the defenses of necessity, mistake of fact, justification, and protection of a third person and in failing to charge the jury on those defenses. We disagree with his argument and affirm the judgment of the trial court.

Since appellant does not challenge the sufficiency of the evidence per se, we will specifically address only the portions of the evidence necessary to a proper discussion of appellant's contentions. Suffice it to say that on May 17, 1989, a group of some forty-five to fifty persons entered upon property in Lubbock, Texas, known as the West Texas Professional Building. Among the tenants of that building was James Morris, M.D. Entrance to his office was blocked by this group of people, among whom was appellant. After being requested to leave, appellant refused to do so, giving rise to this prosecution.

In testimony for the purpose of a bill of exception, appellant testified that on the day in question he had been informed that the doctor in question had abortions scheduled. His stated belief was that, by the performance of the abortions, there would be "harm taking place to the life that was inside of them."

■ In his first point, appellant contends that this testimony was admissible, and under it, he was entitled to a charge on necessity, justification, and defense of a third person. In support of that proposition, he cites the rule stated in *Knowles v. State*, 672 S.W.2d 478, 480 (Tex.Crim.App. 1984) that an accused "is entitled to an affirmative instruction on the law as to every defensive issue raised by the evidence, including those raised by his testimony alone."

The defense of necessity requires a showing that:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law prescribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

Tex.Penal Code Ann. § 9.22 (Vernon 1974).

■ Subdivisions (1) and (2) of the statute contemplate a balancing between the harm arising from the conduct constituting the offense and the harm which the actor's conduct sought to avoid. If the harm to be avoided was clearly greater than the harm actually caused (the offense actually committed), the actor's conduct causing the offense is justified and he is exonerated. *See* Searcy & Patterson, Practice Commentary, Tex.Penal Code Ann. § 9.22 (Vernon 1974). However, the predicate requirement for invoking this justification is that the harm the actor assertedly seeks to prevent must first be a legal harm. *Reed v. State*, 794 S.W.2d 806, 810 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd).

There is nothing in this record to show that the doctor, his staff, or his patients acted otherwise than within the constitutional right of women to terminate their pregnancies recognized by the Supreme Court in *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973). This Court must recognize that decision. Texas intermediate courts are *stare decisis* courts. As such, in an area where the law has been settled by a court of superior jurisdiction such as the Supreme Courts of the United States and this state, it is our bound duty to recognize and acquiesce in the decisions determining that law. Law making functions lie in the hands of our Legislature, Congress, and within certain limitations not applicable here, the Supreme Courts of our state and the United States.

Even assuming, arguendo, his bill of exception testimony was admissible, the asserted harm which appellant sought to prevent was not a "legal harm" under existing Texas law. Accordingly, we must hold that he was not entitled to a charge upon necessity.

■ Appellant also argues that his actions were justified because he was preventing harm to the unborn. Texas Penal Code Annotated, § 9.33 (Vernon 1974) provides:

A person is justified in using force or deadly force against another to protect a third person if:

(1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 of this code in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and

(2) the actor reasonably believes that his intervention is immediately necessary to protect the third person.

There is no evidence that unlawful force was being used against any of the women who might be seeking entrance to the premises in question. Moreover, fetuses are not persons under established Texas law. The term "person" is defined in Texas Penal Code Annotated § 1.07(a)(27) (Vernon 1974) as "an individual, corporation, or association." Section 1.07(a)(17) of the Texas Penal Code Annotated (Vernon 1974) defines an individual as "a human being who has been born and is alive." *See Ogas v. State*, 655 S.W.2d 322, 325 (Tex.App.—Amarillo 1983, no pet.). *Compare Witty v.*

*American Gen. Capital Dist. Inc.*, 727 S.W.2d 503 (Tex.1987) (denying monetary recovery for loss of a fetus).

To establish that he was entitled to submission of the protection of a third person, justification, or the necessity defenses, the record and the bill of exception testimony must demonstrate that it met all elements of those theories. They do not do so. Accordingly, the trial court did not err by excluding the tendered testimony nor did it err in refusing the charge in question. *Bobo v. State*, 757 S.W.2d 58, 62–63 (Tex. App.—Houston [14th Dist.] 1988), *cert. denied*, 490 U.S. 1066, 109 S.Ct. 2066, 104 L.Ed.2d 631 (1989).

■ Logical continuity requires us to next discuss appellant's third point in which he argues the trial court erred in refusing a charge of mistake of fact and "other statutory defenses." Texas Penal Code Annotated § 8.02(a) (Vernon 1974) provides that it is a defense to prosecution if the actor through mistake formed a reasonable belief about a matter of fact if that mistaken belief negated the kind of culpability required for the commission of the offense.

■ In support of his argument, appellant relies on his testimony that he reasonably believed harm was occurring to mothers and their unborn fetuses. The phrase "kind of culpability" as used in the statute refers to the culpable mental state required in the offense with which a defendant is charged. *Beggs v. State*, 597 S.W.2d 375, 378 (Tex.Crim.App. [Panel Op.] 1980).

It is undisputed that appellant remained upon the premises after being requested to leave. No culpable mental state is required under the criminal trespass statute, Texas Penal Code Annotated § 30.05 (Vernon 1989 & Supp.1991), other than a volitional refusal to leave when requested. *Reed v. State*, 762 S.W.2d 640, 646 (Tex. App.—Texarkana 1988, pet. ref'd). Appellant's mistaken belief that he was legally justified in his obstructive tactic did not entitle him to a charge on mistake of fact.

Appellant's argument under this point demonstrates that the failure to charge on the "other statutory defenses" he mentions, refers to the court's refusal to charge on justification, necessity and defense of a third person. As we have discussed above, appellant was also not entitled to these charges. Accordingly, his first and third points are overruled.

In his second point, appellant contends that the trial court reversibly erred in denying his "request to voir dire the jury on defense issues." The gravamen of his argument is that the court refused to allow him to voir dire the jury concerning the defenses of mistake of fact, justification, necessity and defense of a third person. He also complains of the granting of a State motion in limine preventing him from discussing abortion techniques and matters of like nature. Parenthetically, the trial court allowed appellant to go into the prospective jurors' general beliefs concerning the issue of abortion.

■ It is established that a defendant's constitutional right to counsel includes the right of his counsel to question the members of the jury panel in order to intelligently exercise peremptory challenges. *Smith v. State*, 703 S.W.2d 641, 643 (Tex.Crim.App.1985). However, the conduct of voir dire examination rests within the sound discretion of the trial court and only abuse of such discretion will call for reversal on appeal. *Clark v. State*, 608 S.W.2d 667, 669 (Tex.Crim.App. [Panel Op.] 1980). The trial court may, therefore, impose reasonable restrictions on the exercise of voir dire examination. *Id.*

■ In order to show that the trial court abused its discretion in limiting questioning, an appellant must show the question he sought to ask was proper. A proper question is one which seeks to discover a juror's views on an issue applicable to the case, *Beaver v. State*, 736 S.W.2d 212, 214 (Tex.App.—Corpus Christi 1987, no pet.), and harm occurs when an appellant is deprived of voir dire sufficient to enable him to decide intelligently those jurors he may wish to strike. *Sullivan v. State*, 678 S.W.2d 162, 166 (Tex.App.—Houston [1st Dist.] 1984), *cert. denied*, 476 U.S. 1104, 106 S.Ct. 1946, 90 L.Ed.2d 356 (1986).

For reasons we have above stated, appellant was not entitled to jury submission of the defenses of mistake of fact, justification, necessity, or defense of a third person. The other areas suggested by him were outside the scope of the offense with which he was actually charged, *i.e.*, criminal trespass. Our review of the record convinces us that his voir dire examination of the jury panel was not reversibly limited. Therefore, appellant's second point is overruled.

In summary, all of appellant's points are overruled. There being no reversible error, the judgment of the trial court is affirmed.