IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-188-CR





MILDRED ELAM,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY



NO. 337,341, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING



 




 Appellant Elam appeals her conviction for criminal trespass. Tex. Penal Code
Ann. § 30.05 (West 1989 & Supp. 1992). After the jury found appellant guilty, the trial court
assessed her punishment at confinement in the county jail for forty-five days.

 Appellant advances five points of error. First, appellant contends that the trial
court was disqualified from sitting because of an inflammatory newspaper advertisement by the
Texas Abortion Rights Action League "showing a disqualifying interest in the case and sufficient
bias to require recusal." Second, appellant contends that the trial court erred in refusing to permit
her the opportunity to make bills of exception before the jury was given the court's charge. Third
and fourth, appellant complains that the trial court erred in its remarks to the jury panel for the
case, and later to the jurors selected, that the case would be finished that day even if "we stay
here" until 1:00 a.m. the next morning. Fifth, appellant argues that the trial court erred in
refusing to give a jury instruction on "the justification defense of necessity." Appellant does not
challenge the sufficiency of the evidence to sustain her 1990 conviction for criminal trespass on
December 9, 1988, at the Ladies Center in Austin, a clinic handling pregnancy terminations.

 In her first point of error, appellant contends that the "trial court committed error
by sitting in the case after he had allowed the use of his name in connection with a large and
highly biased and inflammatory advertisement by the Texas Abortion Rights Action League that
appeared on B3 of the Thursday, January 22, 1987, edition of the Austin American-Statesman
showing a disqualifying interest in the case and sufficient bias to require recusal."

 Article V, § 11 of the Texas Constitution provides:



No judge shall sit in any case wherein he may be interested, or where either of the
parties may be connected with him, either by affinity or consanguinity, within such
a degree as may be prescribed by law, or when he shall have been counsel in the
case.



Tex. Const. art. V, § 11.



No judge or justice of the peace shall sit in any case where he may be the party
injured, or where he has been of counsel for the State or the accused, or where the
accused or the party injured may be connected with him by consanguinity or
affinity within the third degree.



Tex. Code Crim. Proc. Ann. art. 30.01 (West 1989).

 "The Court of Criminal Appeals has held that the grounds of disqualification stated
in the Texas Constitution [art. V, § 11] and the Code of Criminal Procedure are exclusive." 
Ricondo v. State, 657 S.W.2d 439, 447 (Tex. App.--San Antonio 1983, no pet.) (citing Ex Parte
Largent, 162 S.W.2d 419, 426 (Tex. Crim. App. 1942) (on motion for rehearing)). It would
appear then that a disqualification of a trial judge in a criminal matter must comply with the strict
requirements of the constitutional and statutory criminal procedure provisions. See Cumpian v.
State, 812 S.W.2d 88, 91 (Tex. App.--San Antonio 1991, no pet.). To the list of constitutional
and statutory prohibitions, the Court of Criminal Appeals has added "judicial bias" so long as it
is shown to be of such an extent as to deny a defendant due process of law. McClenan v. State,
661 S.W.2d 108, 109 (Tex. Crim. App. 1983); Cumpian, 812 S.W.2d at 91; Crawford v. State,
719 S.W.2d 240, 242-43 (Tex. App.--Eastland 1986, no pet.).

 Although it is not altogether clear from appellant's brief, it appears that appellant
is relying upon the McClenan addition -- judicial bias of such extent as to deny a defendant due
process of law. In the instant case, there was no motion to disqualify or recuse the trial judge. 
The issue was not raised at trial in any manner. It has been said, however, that the issue of the
disqualification of the trial judge may be raised at any time. See Gamez v. State, 737 S.W.2d
315, 318 (Tex. Crim. App. 1987); Cantu v. State, 802 S.W.2d 349, 350-51 (Tex. App.--San
Antonio 1990, pet. ref'd). Appellant asserts that the newspaper advertisement in question was
filed with the county clerk sometime after the trial. The State contends that the newspaper
advertisement is not in the appellate record. It is certainly not at the page number to which
appellant directs our attention, and our own search has failed to uncover the advertisement. If the
advertisement was in the record under the circumstances described, it would be doubtful whether
this Court could consider the same. Shields v. State, 820 S.W.2d 831, 833 (Tex. App.--Waco
1991, no pet.). Just because a document appears in the transcript does not automatically mean
that it can be considered a part of the record on appeal. Id.

 Appellant does describe the advertisement in great detail in her brief as a pro-choice, abortion-type ad. Appellant asserts that the name of "Wilfred Aguilar" appears in this
1987 advertisement as a contributor, and that name "is the fourth name from the top of the left
most of six columns of names in the advertisement." Appellant assumes the name "Wilfred
Aguilar" in the advertisement automatically refers to the trial judge in this cause. An appellate
court cannot accept as fact either allegations or assertions in an appellate brief which are not
supported by the record. See Vanderbilt v. State, 629 S.W.2d 709, 717 (Tex. Crim. App. 1981),
cert. denied, 456 U.S. 910 (1982). Beck v. State, 573 S.W.2d 786, 788 (Tex. Crim. App. 1978);
State v. Pierce, 816 S.W.2d 824, 831 n.8 (Tex. App.--Austin 1991, no pet.); Cumpian, 812
S.W.2d at 91. Under the circumstances presented, we are in no position to apprise appellant's
first point of error. The burden is on the appellant to see that a sufficient record is presented to
show error requiring reversal. Tex. R. App. P. 50(d). The first point of error is overruled.

 In her second point of error, appellant contends that the trial court erred in "closing
the door" by refusing her the opportunity to perfect her bills of exception before the jury was
given the court's charge. In parentheses after the point of error, reference is made to certain
pages of the record apparently where the matter complained of is to be found. See Tex. R. App.
P. 74(d). Thereafter, however, appellant only cites authorities and offers no argument or such
discussion of the facts as may be requisite to maintain the point at issue. See Tex. R. App. P.
74(f). Appellant cites two cases. One is a federal case clearly not on point, and the other is a
1965 Texas civil case involving the Texas Rules of Civil Procedure. Appellant does cite Tex. R.
Crim. Evid. 103(a)(2) and Tex. R. App. P. 52(b) but does not explain how these rules are
applicable to the facts of the instant case. Mere citation of authorities without a discussion of the
facts showing error is insufficient argument of the point of error. Hawkins v. State, 807 S.W.2d
874, 875 (Tex. App.--Beaumont 1991, pet. ref'd); Tex. R. App. P. 74(f). Moreover, mere
reference to record pages does not sufficiently identify the court's actions complained of in an
appellate brief. Cf. Melton v. State, 713 S.W.2d 107, 114 (Tex. Crim. App. 1986). Appellant
has failed to properly brief the point of error and nothing is presented for review. Hernandez v.
State, 817 S.W.2d 744, 746 (Tex. App.--Houston [1st Dist.] 1991, no pet.) (defendant who offered
no argument under point of error, merely transcribing verbatim the proceedings at trial, presented
nothing for review).

 The right to make an offer of proof or to perfect a bill of exception is absolute if
the evidence is excluded by the trial court, in light of the fact an appeal may be lost for lack of
preservation of error. Tatum v. State, 795 S.W.2d 569, 571 (Tex. Crim. App. 1990); Spence v.
State, 758 S.W.2d 597, 599 (Tex. Crim. App. 1985). Further, briefing rules are to be construed
liberally. See Tex. R. App. P. 74(p). Therefore, we have examined the pages of the record to
which reference is made. It appears that appellant refers to the refusal of the trial court to permit
her to perfect bills of exception as to the testimony of two witnesses, although one is not named. 
Father Robert Becker, a Catholic priest, was called as a defense witness. When he was asked
what he understood as a Catholic priest to be "the morality of being at a Rescue (apparently a sit-in at an abortion clinic)," the trial court sustained the State's objection on the basis of relevancy. 
When the appellant asked to perfect a bill of exception, the trial court refused, pointing out that
the information sought had already been preserved for appeal in a pretrial hearing. Appellant then
asked about perfecting a bill of exception regarding her "next witness." "I would also like for him
to give medical testimony, again, for the sake of [sic] if I want to appeal it, so that I can use him." 
Again, the trial court pointed out that the medical testimony was presented at a pretrial hearing. 
The offer to make the bill of exception was refused. Appellant, although appearing pro se, did
not dispute that the matters were covered at the time of the pretrial hearing and never contended
that her proposed bills of exception would relate to matters outside the pretrial record. Appellant
never offered to supplement the pretrial records with an offer of proof in the form of a concise
statement. See Allridge v. State, No. 69,838, slip op. at 43-44 (Tex. Crim. App. Nov. 13, 1991)
(motion for rehearing pending); Tex. R. App. P. 52(b).

 It would not appear that the trial court is required to permit a bill of exception if
the matter, without dispute, has already been preserved for appeal. Cf. Tex. R. Crim. Evid.
103(a)(2). Appellant, however, has failed to bring the record of the pretrial hearing forward in
this appellate record. The burden is on the appellant to see that a sufficient record is presented
to show error requiring reversal. See Tex. R. App. P. 50(d). Appellant's second point of error
is overruled.

 In her third point of error, appellant complains of the trial court's remarks to the
panel of prospective jurors. During the course of the voir dire examination, and after the State
had completed its examination of the venire panel, the trial court declared a five-minute recess. 
In the course of his remarks to the jury panel prior to the recess, the trial court stated:



We're going to finish this case today whether or not we stay here until 7:00 o'clock
or 9:00 o'clock or 10:00 o'clock or 1:00 o'clock, we are going to finish it today. 
Okay? I want you to know that up front because this . . . there's a reason -- for
some reason or not that you cannot be here this evening they need to know that and
they need to take that into account. Okay? All right. Let's break for five
minutes.



 In her point of error, appellant excerpts the portion italicized above and claims such
remarks were improper. Appellant did not object to the remarks and did not preserve any
complaint for review. Tex. R. App. P. 52(a). Any error was waived. Sharpe v. State, 648
S.W.2d 705, 706 (Tex. Crim. App. 1983).

 On appeal, appellant attempts to rely upon Tex. Code Crim. Proc. Ann. art. 38.05
(West 1979). Even if the appellant had preserved error by timely objecting on the basis of art.
38.05, no error would have been presented. To constitute reversible error, the judge's comment
must have been reasonably calculated to benefit the State or prejudice the defendant. McClory v.
State, 510 S.W.2d 932, 934 (Tex. Crim. App. 1974). This did not occur here. The third point
of error is overruled.

 In her fourth point of error, appellant complains of the trial court's remarks to the
jury after it was empaneled. After the jury was given several pages of instructions, the trial court
at 12:20 p.m. declared a lunch recess. The trial court then told the jury:



We're going to reconvene at 2:00 o'clock. That will give you plenty of time to
eat. One reason why I'm giving you an hour and 40 minutes, more or less, is
because I want you to make whatever arrangement you need to make for this
evening in case we do have to stay late. As I said "We're going to finish this case
today." I have another trial that's starting tomorrow and I must finish today. I
don't expect us, in truth, to be here until 1:00 o'clock this morning. But that's the
most I can say. Okay?



 Appellant complains of the italicized portion of the remarks above. Here again,
there was no objection to the remarks which would preserve any complaint for review. See Tex.
R. App. P. 52(a). Appellant's fourth point of error is overruled.

 In her fifth and last point of error, appellant contends that the trial court erred in
refusing to instruct the jury on the justification defense of necessity. Appellant does not challenge
the sufficiency of the evidence to sustain her conviction, but urges that the trial court erred in
denying her requested charge on the defense of necessity.

 The defense of necessity requires a showing that:



(1) the actor reasonably believes the conduct is immediately necessary to avoid
imminent harm;


(2) the desirability and urgency of avoiding the harm clearly outweigh, according
to ordinary standards of reasonableness, the harm sought to be prevented by
law prescribing [sic] the conduct; and


(3) a legislative purpose to exclude the justification claimed for the conduct does
not otherwise plainly appear. (1)



Tex. Penal Code Ann. § 9.22 (West 1974); Moses v. State, 814 S.W.2d 437, 440 (Tex.
App.--Austin 1991, pet. ref'd).

 A defendant is entitled to a jury instruction on every defensive issue raised by the
evidence, Thomas v. State, 678 S.W.2d 82, 84-85 (Tex. Crim. App. 1984), but is not entitled to
an instruction on an issue that was not raised by the evidence. Neaves v. State, 725 S.W.2d 785,
789-90 (Tex. App.--San Antonio 1987), aff'd, 767 S.W.2d 784 (Tex. Crim. App. 1989).

 To establish that she was entitled to the defense of necessity, appellant would have
to demonstrate that she met all elements of the defense. Roy v. State, 552 S.W.2d 827, 830-31
(Tex. Crim. App. 1977), overruled on other grounds, Johnson v. State, 650 S.W.2d 414, 416
(Tex. Crim. App. 1983); Erlandson v. State, 763 S.W.2d 845, 851-52 (Tex. App.--Houston [14th
Dist.] 1988, pet. ref'd).

 The Practice Commentary to section 9.22 recognizes that the statute contemplates
a case-by-case balancing in assessing competing harms: the harm the defendant perceives and
seeks to prevent must "clearly outweigh" the harm which will result from her acting in violation
of another law, in this case, the criminal trespass statute (Tex. Penal Code Ann. § 30.05). See
Seth Searcy & James Patterson, Practice Commentary, Tex. Penal Code Ann. § 9.22 (Vernon
1974). Moreover, the predicate requirement for invoking this justification is that the harm the
actor assertedly seeks to prevent must first be a legal harm. Reed v. State, 794 S.W.2d 806, 810
(Tex. App.--Houston [14th Dist.] 1990, pet. ref'd); see also Moses, 814 S.W.2d at 441; Brumley
v. State, 804 S.W.2d 659, 661 (Tex. App.--Amarillo 1991, no pet.). 

 Nothing in the record shows that the Ladies Center or its staff were acting except
within the bounds of the law, or that its patients were not exercising rights accorded them
constitutionally or by law. See Bobo v. State, 757 S.W.2d 58, 63 (Tex. App.--Houston [14th
Dist.] 1988, pet. ref'd), cert. denied, 490 U.S. 1066 (1989); Brady v. Doe, 598 S.W.2d 338, 339
(Tex. Civ. App.--Houston [14th Dist.] 1980, writ ref'd n.r.e.), cert. denied, 449 U.S. 1081
(1981); see also Moses, 814 S.W.2d at 441. Appellant's personal beliefs or a suggestion of the
possibility of harm will not suffice to outweigh the status of the law at the time in question. See
Schermbeck v. State, 690 S.W.2d 315, 317-18 (Tex. App.--Dallas 1985, no pet.); Erlandson, 763
S.W.2d at 852; Bobo, 757 S.W.2d at 63. Accordingly, the evidence does not demonstrate that
the harm to the clinic's patients or the unborn clearly outweighed the harm caused by appellant's
acknowledged trespass at the clinic. The trial court did not err in refusing to charge on the
defense of necessity. Appellant's fifth point of error is overruled.

 The judgment of conviction is affirmed.



 

 John F. Onion, Jr., Justice

[Before Justices Powers, Kidd and Onion;* Justice Powers not participating]

Affirmed

Filed: November 18, 1992 

[Publish]










* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   The issue of plain legislative purpose to exclude justification for complained of conduct
is one of law, and the jury may not consider it. Williams v. State, 630 S.W.2d 640, 643 (Tex.
Crim. App. 1982).