NO. 07-01-0075-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY16, 2002

_____

MARY KATHLEEN GALLAGHER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 50TH DISTRICT COURT OF KING COUNTY;

NO. 200; HONORABLE CLYDE WHITESIDE, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Pursuant to a plea bargain, appellant Mary Kathleen Gallagher plead guilty for possession of a controlled substance and on January 4, 1996, was granted deferred adjudication and placed on community supervision for three years and assessed a $10,000 fine. Upon the State's amended motion to adjudicate guilt a hearing was held on December 7, 2000. After hearing evidence that appellant had violated the conditions of her community supervision, she was adjudicated guilty and on January 20, 2001, she was

sentenced to two years confinement. By her brief, appellant presents two points of error contending (1) the trial court erred in denying her motion for new trial because she was denied effective assistance of counsel during the entry of her guilty plea, and (2) the trial court erred in denying her motion for new trial because she was denied effective assistance of counsel during her adjudication hearing. Based upon the rationale expressed herein, we dismiss for want of jurisdiction.

By its brief, the State contends this Court does not have jurisdiction over this appeal. We agree for the following reasons.[1] Article 42.12, section 5(b) of the Texas Code of Criminal Procedure expressly denies a defendant the right to appeal from a trial court's determination to adjudicate guilt. Connolly v. State, 983 S.W.2d 738, 741 (Tex.Cr.App. 1999); Phynes v. State, 828 S.W.2d 1, 2 (Tex.Cr.App. 1992); Olowosuko v. State, 826 S.W.2d 940, 941-42 (Tex.Cr.App. 1992). Although an appeal of all proceedings after an adjudication of guilt is not foreclosed by article 42.12, section 5(b) (*i.e.* assessment of punishment, pronouncement of sentence), appellant contends she was denied effective assistance of counsel at the adjudication hearing.

---

[1]At the time briefs were filed counsel did not have the benefit of recent decisions from the Court of Criminal Appeals. *See* Viduarri v. State, 49 S.W.3d 880 (Tex.Cr.App. 2001); Jordan v. State, 54 S.W.3d 783 (Tex.Cr.App. 2001); Nix v. State, No. 793-00, 2001Tex.Cr.App. LEXIS 52, __ S.W.3d __ (June 27, 2001). As an intermediate appellate court, we our bound to recognize and acquiesce in decisions from a higher court that determine the law. Brumley v. State, 804 S.W.2d 659, 661 (Tex.App.–Amarillo 1991, no pet.). Law making functions lie in the hands of our Legislature, Congress, and higher courts. *Id*.

Appellant argues that Cooper v. State, 45 S.W.3d 77 (Tex.Cr.App. 2001), which does not permit voluntariness of a plea to be raised on appeal, is not applicable because she is not challenging the voluntariness of her plea, but rather asserts trial court error in the denial of her motion for new trial based on ineffective assistance of counsel. However, appellant's amended notice of appeal specifically recites "this appeal challenges a jurisdictional defects [sic]: the voluntariness of Ms. Gallagher's initial plea as well as the denial of ineffective [sic] assistance of counsel in connection with the entry of her plea . . . ." There is no doubt that appellant is challenging the voluntariness of her plea which is no longer permitted by *Cooper*. *See id*. at 83 (holding that Flowers v. State, 935 S.W.2d 131 (Tex.Cr.App. 1996) will not be applied to Texas Rule of Appellate Procedure 25.2(b) in a plea-bargained felony case).

Moreover, in Manuel v. State, 994 S.W.2d 658 (Tex.Cr.App. 1999), the Court held that a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in appeals taken when deferred adjudication community supervision is originally imposed. *Id*. at 661-62. Thus, appellant could have raised her contentions regarding her original plea only in an appeal from the January 4, 1996 adjudication hearing.

The Court of Criminal Appeals has recognized the void judgment exception to the general rule that matters relating to the original plea cannot be raised on appeal from revocation. *See* Nix v. State, No. 793-00, 2001 Tex.Cr.App. LEXIS 52, __ S.W.3d __ (June

3

27, 2001). However, the Court noted that a judgment is void in very rare situations and is usually due to a lack of jurisdiction. *Id*. at *6. On the same day that *Nix* was decided, the Court delivered Jordan v. State, 54 S.W.3d 783 (Tex.Cr.App. 2001). In *Jordan*, the defendant had been granted deferred adjudication and after the trial court revoked his community supervision, he filed a motion for new trial alleging that his plea was involuntary. The trial court denied the motion for new trial and on appeal, the court refused to address the merits of his point of error based on *Manuel*. In his petition for discretionary review, the defendant alleged a fundamental error exception to the general rule that matters relating to the original plea cannot be raised on appeal from revocation. In finding that the court of appeals had not erred in refusing to address the merits of Jordan's claim, the Court of Criminal Appeals held that involuntariness of a plea "does not constitute one of those rare situations" of the void judgment exception reaffirmed in *Nix*. *Id*. at 785.

Moreover, Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure specifically provides the requirements for perfecting an appeal from a plea-bargained conviction. The Court of Criminal Appeals recently decided that the limitations of Rule 25.2(b)(3) apply to an appeal challenging a conviction. *See* Vidaurri v. State, 49 S.W.3d 880, 884 (Tex.Cr.App. 2001). A notice of appeal filed pursuant to Rule 25.2(b)(3)(A) that specifies the appeal is for a jurisdictional defect invokes this Court's jurisdiction. However, a mere recitation in a notice of appeal that an appeal is for a jurisdictional defect without raising a jurisdictional issue does not confer jurisdiction. *See generally* State v. Riewe, 13 S.W.3d 408, 413-14 (Tex.Cr.App. 2000) (holding that an amended notice of appeal does not confer

4

jurisdiction where none originally existed). In other words, although appellant amended her notice of appeal to reflect that she was appealing a jurisdictional defect–voluntariness of her initial plea and a claim of ineffective assistance of counsel in connection with her initial plea, it did not confer jurisdiction with this Court. As explained in *Jordan* and *Nix*, involuntariness of a plea is not fundamental error. For the foregoing reasons, we must dismiss this appeal.

Accordingly, this appeal is dismissed for want of jurisdiction.

Don H. Reavis
Justice

Do not publish.