NO. 07-09-00390-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



AUGUST
16, 2011

 



 

NATASHA MARIE HELLER, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE COUNTY COURT AT LAW NO. 2
OF RANDALL COUNTY;

 

NO. 2009-5244-2; HONORABLE RONALD WALKER JR., JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

OPINION

            Appellant
Natasha Marie Heller was charged by information with misdemeanor criminal
trespass.[1]  At trial, over appellant’s objection, the
trial court instructed the jury it could find her guilty of a lesser-included
offense of attempted criminal trespass. 
The jury found her guilty of the lesser offense, and imposed a fine of
$500 as punishment.  We will overrule her
appellate issue, and affirm the judgment.

 

Background

            The
information alleged appellant entered a habitation.  Evidence showed that appellant knocked on the
door of the home of the complainant, seeking to discuss child support payments
he owed her.  When the door was not
answered, appellant raised a window of the home and extended her arm and head
through the window into the home’s interior. 
The complainant’s wife saw appellant and called police.  The complainant and his wife denied appellant
had consent to enter their home.

After presentation of the State’s
case, appellant moved for an instructed verdict on the charge of criminal
trespass, arguing the State had not proved notice or a completed trespass. The
trial court denied the instructed verdict and, over appellant’s objection,
included in the charge an instruction on the lesser-included offense of
attempted criminal trespass.  As noted,
the jury convicted appellant of the lesser offense. 

Analysis

            Appellant’s
sole issue on appeal is a contention the trial court erred by including the
lesser-included offense of attempted criminal trespass in the jury charge.  

Under
the two-pronged test applied to determine whether an offense is a lesser-
included offense, the first prong examines whether the lesser offense is included within the proof necessary to establish the offense charged.  Rousseau v. State, 855
S.W.2d 666, 672-73 (Tex.Crim.App. 1993); Royster v. State, 622 S.W.2d
442, 446 (Tex.Crim.App. 1981). 
Application of the first prong of the test involves a question of
law.  Hall
v. State, 225 S.W.3d 524, 535 (Tex.Crim.App. 2007).  The second prong of the test considers
whether there is evidence to permit the jury rationally to find that the
defendant, if guilty, is guilty only of the lesser offense. 
Rousseau, 855 S.W.2d at 673. 
Appellant’s contention deals only with the first prong of the test. 

By
statute, an offense is a lesser-included offense if it consists of an attempt
to commit the offense charged.  Tex. Code
Crim. Proc. Ann. art. 37.09(4) (West 2010). 
Penal Code Section 15.01 defines criminal attempt.  It provides, in part, “A person commits an
offense if, with specific intent to commit an offense, he does an act amounting
to more than mere preparation that tends but fails to effect the commission of
the offense intended.” Tex. Penal Code Ann. § 15.01(a) (West 2011).  

There are instances in which courts
have found the inconsistency between the “specific intent to commit an offense”
requirement in the criminal attempt statute and the elements of a particular
attempted offense precluded its use as a lesser-included offense under article
37.09(4).  See Gonzales v. State, 532 S.W.2d 343, 345 (Tex.Crim.App. 1976)
(instruction on “attempted involuntary manslaughter” properly denied as
lesser-included offense of attempted murder; involuntary manslaughter negates
specific intent to kill); Yandell
v. State,
46 S.W.3d 357, 361 (Tex.App.--Austin 2001, pet. ref'd) (deadly conduct not
lesser-included offense of manslaughter under art. 37.09(4); “it is impossible
to specifically intend to recklessly kill another”).  In its analysis in one such situation, the
court in Strong v. State, 87
S.W.3d 206 (Tex.App.--Dallas 2002, pet. ref’d), pointed out that because the
offense of driving while intoxicated has no culpable mental state,[2]
the attempt statute cannot apply to DWI. 
Id. at 217.

Appellant’s argument in this appeal
is founded on the same premise.  She
contends Penal Code § 30.05, defining the offense of criminal trespass,
contains no required culpable mental state, so the attempt statute can have no
application to charges of violation of § 30.05. 
Accordingly, appellant argues, the court erred by instructing the jury
on attempted criminal trespass.  The
basic difficulty with appellant’s argument is that its premise is faulty.  As the State here argues, the Court of
Criminal Appeals rather clearly has held that Penal Code § 6.02 operates to
require that the conduct proscribed by § 30.05 be accompanied by an
intentional, knowing or reckless culpable mental state.  Holloway v. State, 583 S.W.2d 376, 377 (Tex.Crim.App. 1979); West v. State,
567 S.W.2d 515, 516 (Tex.Crim.App. 1978); accord
De Vaughn v. State, 239 S.W.3d 351, 356 (Tex.App.--San Antonio 2007, no
pet.); see Tex. Penal Code Ann. §
6.02(b), (c) (West 2011).   

In support of her contention that
criminal trespass requires no culpable mental state, appellant cites Moses v. State, 814 S.W.2d 437, 442
(Tex.App.--Austin 1991, pet. ref’d as untimely).  For that proposition, Moses relies on Reed v. State,
762 S.W.2d 640, 646 (Tex.App.--Texarkana 1988, pet. ref’d).  Both cases contain the statement that no
culpable mental state is required under § 30.05 “other than a volitional
refusal to leave when requested.”  The
State notes that we also have cited Reed
for the same proposition, on two occasions. 
See Dunn v. State, 979 S.W.2d
403, 408 (Tex.App.--Amarillo 1998, pet. ref’d); Brumley v. State, 804 S.W.2d 659 (Tex.App.--Amarillo 1991, no
pet.).  The State urges that we disavow Dunn and Brumley because of their apparent conflict with the Court of
Criminal Appeals’ holdings regarding the operation of Penal Code § 6.02, in Holloway, 583 S.W.2d at 377, and West, 567 S.W.2d at 516. 


For our purpose today, we think it
sufficient to note that the “volitional refusal to leave” language from Reed, 762 S.W.2d at 646, arose from a
prosecution under § 30.05(a)(2), in which it was alleged the trespasser
“received notice to depart but failed to do so.”  Tex. Penal Code Ann. § 30.05(a)(2) (West 2011);
Reed, 762 S.W.2d at 646.  The same was true of Dunn, Moses, and Brumley.  See Dunn,
979 S.W.2d at 408; Moses, 814 S.W.2d
at 442; Brumley, 804 S.W.2d at
662.  Our present case is one in which
appellant was prosecuted under § 30.05(a)(1), by which she “had notice that
[her] entry was forbidden.”[3]  The “volitional refusal to leave” language
originating in Reed has no
application in a case under § 30.05(a)(1). 


Citing Gonzales, 532 S.W.2d at 345, and other cases, the court in Strong made the further statement that
“[t]he attempt statute does not apply when the culpable mental state for the
offense attempted is less than knowing.” 
Strong, 87 S.W.3d at 217.  We need not consider the application of that
statement to the case at bar, however, because the information under which
appellant was accused of criminal trespass alleged that she entered the habitation
“intentionally and knowingly.”  No
culpable mental state less than knowing is involved here.  See
Hall, 225 S.W.3d at 535 (elements and
facts alleged in the charging instrument are used to find lesser-included
offenses). 

Finally, we note that the offense of
attempted criminal trespass as a lesser-included offense has been recognized by
Texas cases.  See Jones v. State, 170 S.W.3d 772, 776 (Tex.App.--Waco
2005, pet. ref’d) (attempted criminal trespass can be a lesser-included offense
of attempted burglary); Johnson v. State,
773 S.W.2d 721, 725 (Tex.App.--Houston [1st Dist.] 1989, pet. ref’d)
(indicating attempted criminal trespass may be a lesser-included offense of
burglary of a building).  

For these reasons, we overrule
appellant’s sole issue on appeal
and affirm the judgment of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Publish.

 

 

 











[1]
See Tex. Penal Code Ann. § 30.05 (West 2011).





[2]
Tex. Penal Code
Ann.  § 49.11(a) (West 2011). 





[3]
See Salazar v. State, 284 S.W.3d 874, 880 (Tex.Crim.App.
2009) (habitation inherently provides notice that entry is forbidden).