NO. 07-09-00390-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 16, 2011

———————————————

NATASHA MARIE HELLER, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

———————————————

FROM THE COUNTY COURT AT LAW NO. 2 OF RANDALL COUNTY;

NO. 2009-5244-2; HONORABLE RONALD WALKER JR., JUDGE

———————————————

Before CAMPBELL and HANCOCK and PIRTLE, JJ.


**OPINION**

Appellant Natasha Marie Heller was charged by information with misdemeanor criminal trespass.[1] At trial, over appellant's objection, the trial court instructed the jury it could find her guilty of a lesser-included offense of attempted criminal trespass. The jury found her guilty of the lesser offense, and imposed a fine of $500 as punishment. We will overrule her appellate issue, and affirm the judgment.

———————————————

[1] *See* Tex. Penal Code Ann. § 30.05 (West 2011).

Background

The information alleged appellant entered a habitation. Evidence showed that appellant knocked on the door of the home of the complainant, seeking to discuss child support payments he owed her. When the door was not answered, appellant raised a window of the home and extended her arm and head through the window into the home's interior. The complainant's wife saw appellant and called police. The complainant and his wife denied appellant had consent to enter their home.

After presentation of the State's case, appellant moved for an instructed verdict on the charge of criminal trespass, arguing the State had not proved notice or a completed trespass. The trial court denied the instructed verdict and, over appellant's objection, included in the charge an instruction on the lesser-included offense of attempted criminal trespass. As noted, the jury convicted appellant of the lesser offense.

Analysis

Appellant's sole issue on appeal is a contention the trial court erred by including the lesser-included offense of attempted criminal trespass in the jury charge.

Under the two-pronged test applied to determine whether an offense is a lesser-included offense, the first prong examines whether the lesser offense is included within the proof necessary to establish the offense charged. *Rousseau v. State,* 855 S.W.2d 666, 672-73 (Tex.Crim.App. 1993); *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App. 1981). Application of the first prong of the test involves a question of

law.  *Hall v. State,* 225 S.W.3d 524, 535 (Tex.Crim.App. 2007).  The second prong of the test considers whether there is evidence to permit the jury rationally to find that the defendant, if guilty, is guilty only of the lesser offense**.**  *Rousseau*, 855 S.W.2d at 673*.* Appellant's contention deals only with the first prong of the test.

By statute, an offense is a lesser-included offense if it consists of an attempt to commit the offense charged.  Tex. Code Crim. Proc. Ann. art. 37.09(4) (West 2010). Penal Code Section 15.01 defines criminal attempt.  It provides, in part, "A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended." Tex. Penal Code Ann. § 15.01(a) (West 2011).

There are instances in which courts have found the inconsistency between the "specific intent to commit an offense" requirement in the criminal attempt statute and the elements of a particular attempted offense precluded its use as a lesser-included offense under article 37.09(4).  *See Gonzales v. State*, 532 S.W.2d 343, 345 (Tex.Crim.App. 1976) (instruction on "attempted involuntary manslaughter" properly denied as lesser-included offense of attempted murder; involuntary manslaughter negates specific intent to kill); *Yandell v. State*, 46 S.W.3d 357, 361 (Tex.App.--Austin 2001, pet. ref'd) (deadly conduct not lesser-included offense of manslaughter under art. 37.09(4); "it is impossible to specifically intend to recklessly kill another").  In its analysis in one such situation, the court in *Strong v. State*, 87 S.W.3d 206 (Tex.App.--Dallas

3

2002, pet. ref'd), pointed out that because the offense of driving while intoxicated has no culpable mental state,[2] the attempt statute cannot apply to DWI. *Id.* at 217.

Appellant's argument in this appeal is founded on the same premise. She contends Penal Code § 30.05, defining the offense of criminal trespass, contains no required culpable mental state, so the attempt statute can have no application to charges of violation of § 30.05. Accordingly, appellant argues, the court erred by instructing the jury on attempted criminal trespass. The basic difficulty with appellant's argument is that its premise is faulty. As the State here argues, the Court of Criminal Appeals rather clearly has held that Penal Code § 6.02 operates to require that the conduct proscribed by § 30.05 be accompanied by an intentional, knowing or reckless culpable mental state. *Holloway v. State,* 583 S.W.2d 376, 377 (Tex.Crim.App. 1979); *West v. State,* 567 S.W.2d 515, 516 (Tex.Crim.App. 1978); *accord De Vaughn v. State,* 239 S.W.3d 351, 356 (Tex.App.--San Antonio 2007, no pet.); *see* Tex. Penal Code Ann. § 6.02(b), (c) (West 2011).

In support of her contention that criminal trespass requires no culpable mental state, appellant cites *Moses v. State*, 814 S.W.2d 437, 442 (Tex.App.--Austin 1991, pet. ref'd as untimely). For that proposition, *Moses* relies on *Reed v. State*, 762 S.W.2d 640, 646 (Tex.App.--Texarkana 1988, pet. ref'd). Both cases contain the statement that no culpable mental state is required under § 30.05 "other than a volitional refusal to leave when requested." The State notes that we also have cited *Reed* for the same proposition, on two occasions. *See Dunn v. State*, 979 S.W.2d 403, 408 (Tex.App.--

---

[2] Tex. Penal Code Ann. § 49.11(a) (West 2011).

Amarillo 1998, pet. ref'd); *Brumley v. State*, 804 S.W.2d 659 (Tex.App.--Amarillo 1991, no pet.). The State urges that we disavow *Dunn* and *Brumley* because of their apparent conflict with the Court of Criminal Appeals' holdings regarding the operation of Penal Code § 6.02, in *Holloway*, 583 S.W.2d at 377, and *West*, 567 S.W.2d at 516.

For our purpose today, we think it sufficient to note that the "volitional refusal to leave" language from *Reed*, 762 S.W.2d at 646, arose from a prosecution under § 30.05(a)(2), in which it was alleged the trespasser "received notice to depart but failed to do so." Tex. Penal Code Ann. § 30.05(a)(2) (West 2011); *Reed*, 762 S.W.2d at 646. The same was true of *Dunn, Moses,* and *Brumley. See Dunn,* 979 S.W.2d at 408; *Moses,* 814 S.W.2d at 442; *Brumley,* 804 S.W.2d at 662. Our present case is one in which appellant was prosecuted under § 30.05(a)(1), by which she "had notice that [her] entry was forbidden."[3] The "volitional refusal to leave" language originating in *Reed* has no application in a case under § 30.05(a)(1).

Citing *Gonzales*, 532 S.W.2d at 345, and other cases, the court in *Strong* made the further statement that "[t]he attempt statute does not apply when the culpable mental state for the offense attempted is less than knowing." *Strong,* 87 S.W.3d at 217. We need not consider the application of that statement to the case at bar, however, because the information under which appellant was accused of criminal trespass alleged that she entered the habitation "intentionally and knowingly." No culpable mental state less than knowing is involved here. *See Hall*, 225 S.W.3d at 535

---

[3] *See Salazar v. State,* 284 S.W.3d 874, 880 (Tex.Crim.App. 2009) (habitation inherently provides notice that entry is forbidden).

5

(elements and facts alleged in the charging instrument are used to find lesser-included offenses).

Finally, we note that the offense of attempted criminal trespass as a lesser-included offense has been recognized by Texas cases. *See Jones v. State,* 170 S.W.3d 772, 776 (Tex.App.--Waco 2005, pet. ref'd) (attempted criminal trespass can be a lesser-included offense of attempted burglary); *Johnson v. State,* 773 S.W.2d 721, 725 (Tex.App.--Houston [1st Dist.] 1989, pet. ref'd) (indicating attempted criminal trespass may be a lesser-included offense of burglary of a building).

For these reasons, we overrule appellant's sole issue on appeal and affirm the judgment of the trial court.


James T. Campbell
Justice


Publish.

6