Death Opinion



















IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 


NO. PD-0669-13




GREGORY THORNTON, Appellant

v.

THE STATE OF TEXAS



ON STATE’S PETITION FOR DISCRETIONARY REVIEW
FROM THE SEVENTH COURT OF APPEALS
LUBBOCK COUNTY



 
           Alcala, J., filed a dissenting opinion in which Meyers, Johnson, and
Cochran, JJ., joined.

DISSENTING OPINION
           I respectfully dissent from the majority opinion’s holding that the judgment in this
case should be reformed from tampering with physical evidence to a criminal attempt to
commit that offense. Although I recognize that criminal attempt is, as a matter of law,
characterized as a lesser-included offense of any statutory offense, it is unlike other lesser-included offenses in that it contains an additional element not found in the greater offense:
the specific intent to commit an offense. Because the jury, in finding Gregory Thornton,
appellant, guilty of the offense of tampering with physical evidence, did not necessarily find
that he acted with the specific intent to conceal evidence from officers, I conclude that the
judgment should not be reformed to a conviction for criminal attempt. As explained further
below, I conclude that reformation of a judgment to criminal attempt does not fit within the
reasoning of this Court’s past decisions that discuss when reformation to a lesser offense is
permissible. I further conclude that the appropriate resolution of this case is outright
acquittal or, at most, a remand for a trial on criminal attempt, rather than the rendition of
judgment reforming the conviction to criminal attempt.
I. Reforming to Criminal Attempt Does Not Fit Within Rationale For Permitting
Reformation of Judgments

           Permitting reformation of the judgment to criminal attempt is inconsistent with the
rationale underlying the law in this area, which is that an appellate court must defer to the
jury’s institutional role as fact finder and reform a judgment only when it is clear from the
jury’s verdict that it necessarily found the defendant guilty of a lesser-included offense based
on sufficient evidence. I joined the majority opinions in Bowen v. State and Britain v. State,
both of which generally stood for the proposition that reformation of the judgment is proper
when, although the evidence is deemed insufficient as to some element of the charged
offense, the State has nevertheless proved all the elements of a lesser-included offense
beyond a reasonable doubt. See Britain v. State, 412 S.W.3d 518, 521 (Tex. Crim. App.
2013); Bowen v. State, 374 S.W.3d 427, 431-32 (Tex. Crim. App. 2012). And I remain
convinced that those holdings were correct in their ultimate application of that general
proposition. Where I part ways with the Court’s opinion today is in its expansion of this
general holding to now reform a judgment to a lesser-included offense that is not merely
different from the greater due to the absence of an aggravating element or an element that
may be clearly isolated, but is instead a criminal attempt to commit the greater offense. 
Under the circumstances of this case, it is not clear to me that the jury necessarily found or
that the State proved all the elements of criminal attempt to commit evidence tampering
beyond a reasonable doubt. Applying the reasoning of Bowen and Britain to this case, I
conclude that those cases do not compel reformation of the judgment here.
           In Bowen, this Court held that the court of appeals erred by entering a judgment of
acquittal when the evidence adduced at trial, although insufficient to establish Bowen’s
conviction for misapplication of $200,000 or more in fiduciary property, was nevertheless
sufficient to sustain her conviction for the second-degree offense of misapplication of
fiduciary property valued over $100,000. Bowen, 374 S.W.3d at 431–32. In holding that
reformation was required under those circumstances, the Court reasoned that acquittal would
be “improper” and “unjust” because, “although the State failed to prove the value of the
property misapplied, which is an aggravating element of the offense, the State proved the
essential elements of the offense of misapplication of fiduciary property beyond a reasonable
doubt.” Id. at 432. This Court additionally observed that the “fact finder’s determination of
guilt should not be usurped in the punishment phase if the evidence is legally sufficient to
support a conviction.” Id.
           When the evidentiary failure at trial involves only an aggravating element, such as the
State’s failure to prove a particular dollar amount or drug amount, an appellate court is not
called upon to act as a thirteenth juror, examining the details of the record to surmise how
the jury may have assessed certain evidence. Under those circumstances, it would clearly
be “unjust” and would constitute a usurpation of the jury’s institutional role as fact finder to
acquit a defendant who is indisputably guilty of the lesser offense. Id. at 431-32. By
contrast, to determine whether a defendant has criminally attempted to commit an offense
for which the evidence has already been deemed insufficient as to a central or essential
element, as in the instant case, an appellate court must conduct a complete review of the
record in an effort to determine whether the jury necessarily found, and whether the evidence
clearly establishes, that the defendant took steps amounting to “more than mere preparation”
to commit the offense while possessing the specific intent to commit that offense. See Tex.
Penal Code § 15.01(a). This type of reformation of the judgment to criminal attempt is
inconsistent with the rationale of Bowen, a case in which this Court reformed the judgment
only when it was abundantly clear from the jury’s verdict that it necessarily found the
defendant guilty of the lesser-included offense and that the evidence was sufficient to
establish that offense.
           More recently, in Britain, this Court applied the reasoning of Bowen but reached the
opposite result, holding that reformation to a lesser-included offense was not required. See
Britain, 412 S.W.3d at 521. In Britain, the court of appeals acquitted the defendant after it
found insufficient evidence to sustain her manslaughter conviction based on the State’s
failure to prove that she acted recklessly. Id. at 519. On discretionary review, the State
argued that the court of appeals erred by failing to reform the conviction to the lesser-included offense of criminally negligent homicide, but this Court disagreed. Id. at 521. After
reviewing the evidence in the record, this Court concluded that reformation would be
improper because the State had failed to prove the elements of the lesser-included offense
beyond a reasonable doubt. Id. at 522–23. Specifically, it determined that the State had
failed to prove that the defendant acted with negligence, the applicable mental state for
criminally negligent homicide. Id. at 523.
            This Court cautioned in Britain that an appellate court considering whether to reform
a judgment must take great care to ensure that “whatever error led to the” reversal on
sufficiency grounds “did not extend to the entire evaluation of” that element of the offense. 
Id. at 522. Explaining its approach in that case, the Court stated,
It is much easier to say that the lesser-included offense has been proven in
cases in which the evidence is legally insufficient only as to an aggravating
element, as in Bowen. . . . In that case, it was easy for the Court of Appeals to
render a verdict for the lesser-included offense because there was no question
that the essential elements of the lesser crime were proven. . . .

           In this case, the State has failed to prove an essential element, something that
cannot be merely eliminated from the conviction. In such cases an appellate
court should not render a judgment of conviction for a lesser-included offense
unless there is proof beyond a reasonable doubt of all elements of the lesser-included offense. . . . 
Id. at 521 (emphasis added). The difficult question before us today is how Britain’s
cautionary language might apply to a situation involving a request by the State to reform a
judgment to a criminal attempt. In the present case, the decision to reform the judgment to
criminal attempt requires this Court to consider whether the evidence is sufficient to find that
appellant attempted to conceal a glass crack pipe by doing an act (e.g., palming the pipe and
dropping it on the ground), that was more than mere preparation to conceal but less than an
effective concealment of the pipe, all while keeping in mind that the evidence has already
been deemed insufficient to show that appellant actually concealed the crack pipe. This is
an odd task and, in terms of the required analysis, I find that this case raises many of the
concerns that were present in Britain because of the risk of the evidentiary error at trial
extending to the elements of the lesser offense. Moreover, it is not clear to me that the
rationale that motivated this Court’s holding in Bowen—that the portion of a jury’s verdict
that is clearly correct should not be unjustly usurped through acquittal—weighs in favor of
reformation under these circumstances, where the jury’s verdict has already been critically
undermined by the appellate court’s finding of insufficiency as to the element of
concealment.
           In light of the concerns described above, I would hold that this Court should narrowly
limit reformation to situations in which (1) the evidentiary failure at trial does not extend to
the elements of the lesser-included offense (this was decided by Britain), (2) the remaining
elements clearly establish a lesser offense either by simply removing the element determined
to have insufficient evidence or by determining that there is, even after accounting for the
sufficiency error at trial, proof beyond a reasonable doubt to sustain a conviction on the
lesser offense (this was decided by Bowen and Britain), and (3) the record shows that the jury
made a factual finding rather than a theoretical finding on all the elements of the lesser
offense to which the judgment will be reformed (this is the issue in this case). Here, the first 
situation compels this Court to decline to reform the judgment to criminal attempt because,
as in Britain, the evidentiary failure on the greater offense spills over into the evidence
necessary for a finding of guilt on the lesser offense. But, in any event, the third situation
would, at most, compel this Court to remand the case for a trial on criminal attempt because
the record does not establish that the jury found all the facts necessary to establish the offense
of criminal attempt when it found appellant guilty of the greater offense.
           My proposed approach to reformation of the judgment is consistent with that taken
by the federal courts of appeals, which have long employed a rule that permits “entry of
judgment for a lesser included offense when a conviction for a greater offense is reversed on
grounds that affect only the greater offense.” Rutledge v. United States, 517 U.S. 292, 306,
116 S. Ct. 1241 (1996) (emphasis added); see also United States v. Baylor, 97 F.3d 542, 548
(D.C. Cir. 1996) (same).


 Stated differently, the “long accepted” federal rule
grants a reviewing court authority to enter judgment on a lesser included
offense when it finds that those elements exclusive to the greater . . . are not
supported by sufficient evidence to sustain the jury’s verdict, but that there is
sufficient evidence to sustain a finding of guilt on all elements of the lesser
offense.

United States v. Dickinson, 706 F.2d 88, 93 (2d Cir. 1983) (emphasis added); see also United
States v. Rojas-Alvarez, 451 F.3d 320, 328 (5th Cir. 2006) (recognizing that the
circumstances in which such authority may be exercised are “limited” and that it must be
clear that the evidence “sufficiently sustains all the elements of [the lesser] offense”)
(citations omitted); United States v. Skipper, 74 F.3d 608, 611-12 (5th Cir. 1996) (stating that
reformation of judgment permitted only when jury “necessarily found all of the elements”
of lesser-included offense).


 This approach generally limits an appellate court’s authority to
reform a judgment to those situations in which the lesser offense is unaffected by the error
that led to reversal of the greater offense.


 Such an approach takes account of the fact that,
as this Court recognized in Bowen, it would be “unjust” to acquit a defendant who is clearly
guilty of the lesser-included offense, and that the jury’s guilty verdict should not be
unnecessarily usurped. Bowen, 374 S.W.3d at 432. But it also recognizes that appellate
courts are not well-suited to making factual determinations based on a weighing of evidence
in the record, particularly with respect to questions that have not been expressly answered
by the jury. These are the types of factual inquiries that are better left to juries at trial, and
cannot reliably or fairly be answered by a reviewing court on appeal.
II. At Most, This Case Should be Remanded for Trial on Criminal Attempt 

           I conclude that an appellate court should almost never reform a judgment to a criminal
attempt because, in rendering a verdict of guilt on the greater offense, the jury has not found
all the elements necessary to constitute a conviction for criminal attempt.


 Although I
acknowledge that the Texas Code of Criminal Procedure classifies criminal attempt as a
lesser-included offense of any charged offense,


 this Court’s precedents and the Rules of
Appellate Procedure do not mandate that a conviction reversed on sufficiency grounds be
automatically reformed to any available lesser-included offense. See Britain, 412 S.W.3d at
521 (acknowledging that Bowen held that “a court of appeals may reform a judgment to a
lesser-included offense,” but stating that this Court has never held “that the court of appeals
must do so”); Tex. R. App. P. 43.2 (stating that court of appeals “may” modify the trial
court’s judgment or reverse and render the judgment that the trial court should have
rendered).


 Instead, these authorities clearly permit an appellate court to forego reformation
of the judgment when, among other things, the “interests of justice require a remand.” Tex.
R. App. P. 43.3. With the exception of criminal attempt, I conclude that the other three
categories of lesser-included offenses described in Code of Criminal Procedure Article 37.09
will almost always lend themselves to reformation of the judgment because in those
situations, the evidentiary failure will likely be isolated to a single element of the greater
offense that can easily be excised. For example, if the greater offense consists of five
elements, and there is an evidentiary failure as to the fifth element, then the judgment may
be reformed to the lesser offense that is established by the remaining four elements. This
type of determination can be made by an appellate court as a matter of law and does not
require an extensive review of the record to determine whether the jury necessarily found all
the elements of the lesser offense. By focusing on a narrow difference between the greater
and lesser offenses that can be isolated in the record, these situations lend themselves to
reformation of a judgment as a matter of law.
           By contrast, although the Code of Criminal Procedure expressly provides that a
criminal attempt is a lesser-included offense of any charged offense, there is a conflict
between that determination and the language in the Texas Penal Code, which provides that
a person commits criminal attempt if he, with the specific intent to commit an offense, does
an act amounting to more than mere preparation that tends but fails to effect the commission
of the offense intended. See Tex. Penal Code § 15.01(a). The language of the criminal-attempt statute thus contains an added element not found in the greater offense: the specific
intent to commit an offense. Id. In light of this conflict between the Code of Criminal
Procedure and the Penal Code, I conclude that the judgment must either be rendered and
reformed to an acquittal or, at most, remanded for a trial on criminal attempt in the interests
of justice because the jury would have never passed on the question of whether the defendant
acted with the specific intent to commit an offense. Id. In any event, I note that making
reformation mandatory in these cases runs contrary to the principle that an appellate court is
authorized to determine whether remand would be more appropriate than rendering judgment
in any given case. See Tex. R. App. P. 43.3 (appellate court permitted to remand when
“necessary for further proceedings” or when “interests of justice” so require).
           The quandary of reforming a judgment to criminal attempt is reflected in the majority
opinion’s holding today, which concludes that reformation of the judgment is required here,
in part, because the jury would have necessarily found every element of criminal attempt in
finding appellant guilty of evidence tampering. I disagree with that conclusion because, as
discussed above, the offense of criminal attempt to tamper with physical evidence requires
proof of the “specific intent to commit” evidence tampering, which is an additional element
not found in the evidence tampering statute. To establish the offense of tampering with
physical evidence, the evidence must show that the defendant,
1. “knowing that an investigation or official proceeding is pending or in
progress,” 
 
2. “alters, destroys, or conceals any record, document, or thing with intent to
impair its verity, legibility, or availability as evidence in the investigation or
official proceeding.” 

Tex. Penal Code § 37.09(a)(1). In describing the elements of tampering with evidence in
this case, the trial court instructed the jury, as follows:
[I]f you find from the evidence beyond a reasonable doubt that . . . the
defendant . . . did then and there, knowing that an offense had been committed,
to wit: Possession of Drug Paraphernalia, intentionally and knowingly conceal
physical evidence, to wit: glass pipe with intent to impair the availability of
glass pipe as evidence in a subsequent investigation, or official proceeding
related to said offense, then you will find the defendant guilty of the offense
of tampering with evidence[.]

(Emphasis added). In contrast to the elements of tampering with evidence, to establish a
criminal attempt, the evidence must show that the defendant
 
1. acted “with specific intent to commit an offense,” and
 
2. did an “act amounting to more than mere preparation that tends but fails to
effect the commission of the offense intended.”

Tex. Penal Code § 15.01(a). Applying those elements to the elements of tampering with
evidence, the jury instruction for criminal attempt would have read as follows:
 
If you find from the evidence beyond a reasonable doubt that the defendant did
then and there, knowing that an offense had been committed, to wit:
Possession of Drug Paraphernalia, acted with the specific intent to commit the
offense of tampering with evidence, including the specific intent to conceal the
physical evidence, namely, a glass pipe, with the specific intent to impair the
availability of the glass pipe as evidence in a subsequent investigation or
official proceeding, and he did an act amounting to more than mere preparation
that tended but failed to effect the commission of the offense intended.

           Both offenses of tampering with physical evidence and criminal attempt identically
require the jury to find that appellant (1) knew that an offense had been committed, to wit:
possession of drug paraphernalia, and (2) intended to impair the availability of the glass pipe
as evidence. But criminal attempt also requires the jury to find that the defendant acted with
specific intent to commit “an offense,” which, in this case, adds an extra element that he
specifically intended to conceal the glass pipe. No determination was made by the jury as
to that element.  The majority opinion suggests that a jury finding that appellant intended to
impair the availability of the glass pipe as evidence is essentially the same as a finding that
he acted with the specific intent to conceal the physical evidence, namely, a glass pipe. But
the specific intent to conceal is a different factual question.  A person may intend to impair
the availability of a pipe as evidence by destroying it, altering it, or concealing it, and a
finding by the jury that appellant acted with the specific intent to impair the availability of
the pipe as evidence does not mean that it decided that appellant had the specific intent to
conceal the pipe, particularly in light of the court of appeals’s determination that the evidence
is legally insufficient to establish that he concealed it. The position adopted by the majority
opinion requires an appellate court, acting as the thirteenth juror, to decide in the first
instance whether appellant acted with the specific intent to conceal the physical evidence and
whether he did an act that amounted to more than mere preparation that tended but failed to
effect the commission of the offense intended.
           Although it is true that criminal attempt can be a lesser-included offense of a charged
offense, I note that this Court and Texas courts of appeals have, in some circumstances,
declined to permit a jury instruction on criminal attempt. The Amarillo Court of Appeals
explained the law as follows:
There are instances in which courts have found the inconsistency between the
“specific intent to commit an offense” requirement in the criminal attempt
statute and the elements of a particular attempted offense precluded its use as
a lesser-included offense under article 37.09(4). See Gonzales v. State, 532
S.W.2d 343, 345 (Tex. Crim. App. 1976) (instruction on attempted voluntary
manslaughter properly denied as lesser-included offense of attempted murder;
involuntary manslaughter negates specific intent to kill); Yandell v. State, 46
S.W.3d 357, 361 (Tex. App.—Austin 2001, pet. ref’d) (deadly conduct not
lesser-included offense of manslaughter under art. 37.09(4); “it is impossible
to specifically intend to recklessly kill another”). In its analysis in one such
situation, the court in Strong v. State, 87 S.W.2d 206 (Tex. App.—Dallas
2002, pet. ref’d), pointed out that because the offense of driving while
intoxicated has no culpable mental state, the attempt statute cannot apply to
DWI.
Heller v. State, 347 S.W.3d 902, 904 (Tex. App.—Amarillo 2011, no pet.). From this
discussion, it is apparent that a great amount of precedent indicates that criminal attempt,
though generally a lesser-included offense under the law, is unlike other types of lesser-included offenses because of the additional element requiring a specific intent to commit an
offense. See id.
           I recognize that in Bowen this Court decided that a jury instruction on a lesser offense
was no longer a prerequisite for appellate reformation of a judgment, but this Court should
not create a situation where reformation would be permitted if there were no jury instruction
but not permitted if there had been a jury instruction. To this end, this Court should
consistently apply the law on lesser-included offenses as described by Hall v. State, a case
in which this Court determined that the first step in determining whether the jury may be
instructed on a lesser-included offense is done by “comparing the elements of the offense as
they are alleged in the indictment or information with the elements of the potential lesser-included offense.” Hall v. State, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007).   This
Court expressly held that the “pleadings approach is the sole test for determining in the first
step whether a party may be entitled to a lesser-included-offense instruction.” Id. at 535. In
light of Hall, it is clear that an offense could theoretically be a lesser-included offense under
a broadly worded statutory comparison of the elements of the lesser and greater offenses. 
But that does not mean that an offense is always a lesser-included offense of the charged
offense because that determination can be made only by comparing the pleadings in the
indictment or information, which may have modified the elements of the greater offense, to
the elements of the lesser offense. Id. This Court held that, by “analyzing the statutory
elements of the offense as they were modified in the indictment, the assault by threats was
not included within the allegation of murder.” Id. at 537. Here, the indictment and jury
instructions permitted the jury to convict appellant based on evidence that he acted
knowingly in concealing the physical evidence.   Perhaps the pleadings alleging the greater
offense could have been modified to require the jury to find that appellant intentionally
concealed the physical evidence, thereby pleading the same mental state for the greater and
lesser offenses, but these pleadings failed to do that by requiring only a mental state of
knowing concealment for the greater offense. In reforming this judgment to criminal
attempt, this Court is applying a different standard for consideration of lesser offenses when
an instruction on a lesser offense is not given than when it is given, which was precisely the
problem this Court was attempting to correct when it decided Bowen. 
           In light of the pleadings and jury charge here, it is clear that the jury, in finding
appellant guilty of evidence tampering, would have necessarily found that he intended to
impair the availability of the crack pipe as evidence. But that is not necessarily the same
thing as finding that appellant harbored the “specific intent to commit” the offense of
evidence tampering, including the intent to conceal the crack pipe from police officers. This
Court has held in the context of the criminal attempt statute that the “specific intent” to
commit an offense requires a finding that the defendant specifically intended to bring about
a particular result. See, e.g., Chen v. State, 42 S.W.3d 926, 929 (Tex. Crim. App. 2001);
Yalch v. State, 743 S.W.2d 231, 233 (Tex. Crim. App. 1988); Flanagan v. State, 675 S.W.2d
734, 741 (Tex. Crim. App. 1984) (“element ‘with specific intent to commit an offense’ has
traditionally been interpreted to mean that the actor must have the intent to bring about the
desired result”). Here, the jury made no such affirmative finding that appellant desired to
bring about the concealment of the crack pipe. Because the jury did not implicitly find all
the elements of criminal attempt in rendering its verdict of guilt on the tampering charge, I
disagree with the majority opinion’s conclusion that reformation is required here. See Tex.
Penal Code §§ 15.01(a); 37.09; Bowen, 374 S.W.3d at 431–32.



           This Court should hold that, although criminal attempt is a lesser-included offense of
any charged offense, it is ordinarily inappropriate to reform the judgment to criminal attempt
because the jury’s verdict does not necessarily encompass a finding that the defendant acted
with the specific intent to commit the greater offense. The adoption of such a bright-line rule
would prevent courts of appeals from engaging in improper speculation in these cases while
affording adequate deference to the jury’s institutional role as fact-finder.III. Conclusion
           Because I view the approach taken by the majority opinion as constituting an unwise
expansion of this Court’s holding in Bowen, I respectfully dissent. I would hold, generally,
that reformation of the judgment should be limited to situations in which the underlying
sufficiency error does not extend to the lesser-included offense, and in which an appellate
court can clearly isolate the element affected by the sufficiency error and evaluate the
remaining evidence to determine whether the jury necessarily found all the elements of the
lesser offense beyond a reasonable doubt. Applying those principles to the facts of this case,
I conclude that reformation of the judgment to criminal attempt is improper here. I would,
therefore, affirm the judgment of the court of appeals.
Filed: April 2, 2014
Publish