

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0669-13

**GREGORY THORNTON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SEVENTH COURT OF APPEALS
### LUBBOCK COUNTY

ALCALA, J., filed a dissenting opinion in which MEYERS, JOHNSON, and COCHRAN, JJ., joined.

## DISSENTING OPINION

I respectfully dissent from the majority opinion's holding that the judgment in this case should be reformed from tampering with physical evidence to a criminal attempt to commit that offense. Although I recognize that criminal attempt is, as a matter of law, characterized as a lesser-included offense of any statutory offense, it is unlike other lesser-included offenses in that it contains an additional element not found in the greater offense:

the specific intent to commit an offense. Because the jury, in finding Gregory Thornton, appellant, guilty of the offense of tampering with physical evidence, did not necessarily find that he acted with the specific intent to conceal evidence from officers, I conclude that the judgment should not be reformed to a conviction for criminal attempt. As explained further below, I conclude that reformation of a judgment to criminal attempt does not fit within the reasoning of this Court's past decisions that discuss when reformation to a lesser offense is permissible. I further conclude that the appropriate resolution of this case is outright acquittal or, at most, a remand for a trial on criminal attempt, rather than the rendition of judgment reforming the conviction to criminal attempt.

## I. Reforming to Criminal Attempt Does Not Fit Within Rationale For Permitting Reformation of Judgments

Permitting reformation of the judgment to criminal attempt is inconsistent with the rationale underlying the law in this area, which is that an appellate court must defer to the jury's institutional role as fact finder and reform a judgment only when it is clear from the jury's verdict that it necessarily found the defendant guilty of a lesser-included offense based on sufficient evidence. I joined the majority opinions in *Bowen v. State* and *Britain v. State*, both of which generally stood for the proposition that reformation of the judgment is proper when, although the evidence is deemed insufficient as to some element of the charged offense, the State has nevertheless proved all the elements of a lesser-included offense beyond a reasonable doubt. *See Britain v. State*, 412 S.W.3d 518, 521 (Tex. Crim. App. 2013); *Bowen v. State*, 374 S.W.3d 427, 431-32 (Tex. Crim. App. 2012). And I remain

convinced that those holdings were correct in their ultimate application of that general proposition. Where I part ways with the Court's opinion today is in its expansion of this general holding to now reform a judgment to a lesser-included offense that is not merely different from the greater due to the absence of an aggravating element or an element that may be clearly isolated, but is instead a criminal attempt to commit the greater offense. Under the circumstances of this case, it is not clear to me that the jury necessarily found or that the State proved all the elements of criminal attempt to commit evidence tampering beyond a reasonable doubt. Applying the reasoning of *Bowen* and *Britain* to this case, I conclude that those cases do not compel reformation of the judgment here.

In *Bowen*, this Court held that the court of appeals erred by entering a judgment of acquittal when the evidence adduced at trial, although insufficient to establish Bowen's conviction for misapplication of $200,000 or more in fiduciary property, was nevertheless sufficient to sustain her conviction for the second-degree offense of misapplication of fiduciary property valued over $100,000. *Bowen*, 374 S.W.3d at 431–32. In holding that reformation was required under those circumstances, the Court reasoned that acquittal would be "improper" and "unjust" because, "although the State failed to prove the value of the property misapplied, which is an aggravating element of the offense, the State proved the essential elements of the offense of misapplication of fiduciary property beyond a reasonable doubt." *Id*. at 432. This Court additionally observed that the "fact finder's determination of guilt should not be usurped in the punishment phase if the evidence is legally sufficient to

support a conviction." *Id*.

When the evidentiary failure at trial involves only an aggravating element, such as the State's failure to prove a particular dollar amount or drug amount, an appellate court is not called upon to act as a thirteenth juror, examining the details of the record to surmise how the jury may have assessed certain evidence. Under those circumstances, it would clearly be "unjust" and would constitute a usurpation of the jury's institutional role as fact finder to acquit a defendant who is indisputably guilty of the lesser offense. *Id*. at 431-32. By contrast, to determine whether a defendant has criminally attempted to commit an offense for which the evidence has already been deemed insufficient as to a central or essential element, as in the instant case, an appellate court must conduct a complete review of the record in an effort to determine whether the jury necessarily found, and whether the evidence clearly establishes, that the defendant took steps amounting to "more than mere preparation" to commit the offense while possessing the specific intent to commit that offense. *See* TEX. PENAL CODE § 15.01(a). This type of reformation of the judgment to criminal attempt is inconsistent with the rationale of *Bowen*, a case in which this Court reformed the judgment only when it was abundantly clear from the jury's verdict that it necessarily found the defendant guilty of the lesser-included offense and that the evidence was sufficient to establish that offense.

More recently, in *Britain*, this Court applied the reasoning of *Bowen* but reached the opposite result, holding that reformation to a lesser-included offense was not required. *See*

*Britain*, 412 S.W.3d at 521. In *Britain*, the court of appeals acquitted the defendant after it found insufficient evidence to sustain her manslaughter conviction based on the State's failure to prove that she acted recklessly. *Id*. at 519. On discretionary review, the State argued that the court of appeals erred by failing to reform the conviction to the lesser-included offense of criminally negligent homicide, but this Court disagreed. *Id*. at 521. After reviewing the evidence in the record, this Court concluded that reformation would be improper because the State had failed to prove the elements of the lesser-included offense beyond a reasonable doubt. *Id*. at 522–23. Specifically, it determined that the State had failed to prove that the defendant acted with negligence, the applicable mental state for criminally negligent homicide. *Id*. at 523.

This Court cautioned in *Britain* that an appellate court considering whether to reform a judgment must take great care to ensure that "whatever error led to the" reversal on sufficiency grounds "did not extend to the entire evaluation of" that element of the offense. *Id*. at 522. Explaining its approach in that case, the Court stated,

> It is much easier to say that the lesser-included offense has been proven in cases in which the evidence is legally insufficient only as to an aggravating element, as in *Bowen*. . . . In that case, it was easy for the Court of Appeals to render a verdict for the lesser-included offense because there was no question that the essential elements of the lesser crime were proven. . . .

> In this case, the State has failed to prove an essential element, something that cannot be merely eliminated from the conviction. In such cases an appellate court should not render a judgment of conviction for a lesser-included offense *unless there is proof beyond a reasonable doubt of all elements of the lesser-included offense*. . . .

*Id*. at 521 (emphasis added). The difficult question before us today is how *Britain*'s cautionary language might apply to a situation involving a request by the State to reform a judgment to a criminal attempt. In the present case, the decision to reform the judgment to criminal attempt requires this Court to consider whether the evidence is sufficient to find that appellant attempted to conceal a glass crack pipe by doing an act (e.g., palming the pipe and dropping it on the ground), that was more than mere preparation to conceal but less than an effective concealment of the pipe, all while keeping in mind that the evidence has already been deemed insufficient to show that appellant actually concealed the crack pipe. This is an odd task and, in terms of the required analysis, I find that this case raises many of the concerns that were present in *Britain* because of the risk of the evidentiary error at trial extending to the elements of the lesser offense. Moreover, it is not clear to me that the rationale that motivated this Court's holding in *Bowen*—that the portion of a jury's verdict that is clearly correct should not be unjustly usurped through acquittal—weighs in favor of reformation under these circumstances, where the jury's verdict has already been critically undermined by the appellate court's finding of insufficiency as to the element of concealment.

In light of the concerns described above, I would hold that this Court should narrowly limit reformation to situations in which (1) the evidentiary failure at trial does not extend to the elements of the lesser-included offense (this was decided by *Britain*), (2) the remaining elements clearly establish a lesser offense either by simply removing the element determined

to have insufficient evidence or by determining that there is, even after accounting for the sufficiency error at trial, proof beyond a reasonable doubt to sustain a conviction on the lesser offense (this was decided by *Bowen* and *Britain*), and (3) the record shows that the jury made a factual finding rather than a theoretical finding on all the elements of the lesser offense to which the judgment will be reformed (this is the issue in this case). Here, the first situation compels this Court to decline to reform the judgment to criminal attempt because, as in *Britain*, the evidentiary failure on the greater offense spills over into the evidence necessary for a finding of guilt on the lesser offense. But, in any event, the third situation would, at most, compel this Court to remand the case for a trial on criminal attempt because the record does not establish that the jury found all the facts necessary to establish the offense of criminal attempt when it found appellant guilty of the greater offense.

My proposed approach to reformation of the judgment is consistent with that taken by the federal courts of appeals, which have long employed a rule that permits "entry of judgment for a lesser included offense when a conviction for a greater offense is reversed on grounds that *affect only the greater offense.*" *Rutledge v. United States*, 517 U.S. 292, 306, 116 S. Ct. 1241 (1996) (emphasis added); *see also United States v. Baylor*, 97 F.3d 542, 548 (D.C. Cir. 1996) (same).[1] Stated differently, the "long accepted" federal rule

---

[1]     Several states have adopted similar approaches. *See, e.g., State v. Fana*, 953 A.2d 898, 912 (Conn. App. Ct. 2008) (stating that modification of judgment to lesser-included offense proper when "the element, which the reviewing court found the evidence insufficient to support, was distinct from the other elements of the charged crime"; when that element was eliminated, "the remaining elements were themselves adequate to support a conviction of a lesser included offense") (citations omitted); *Ritchie v. State*, 189 N.E.2d 575, 577 (Ind. 1963) (holding that "reviewing court, in a
(continued...)

grants a reviewing court authority to enter judgment on a lesser included offense when it finds that *those elements exclusive to the greater . . .* are not supported by sufficient evidence to sustain the jury's verdict, but that there is sufficient evidence to sustain a finding of guilt on all elements of the lesser offense.

*United States v. Dickinson*, 706 F.2d 88, 93 (2d Cir. 1983) (emphasis added); *see also United States v. Rojas-Alvarez*, 451 F.3d 320, 328 (5th Cir. 2006) (recognizing that the circumstances in which such authority may be exercised are "limited" and that it must be clear that the evidence "sufficiently sustains all the elements of [the lesser] offense") (citations omitted); *United States v. Skipper*, 74 F.3d 608, 611-12 (5th Cir. 1996) (stating that reformation of judgment permitted only when jury "necessarily found all of the elements" of lesser-included offense).[2]  This approach generally limits an appellate court's authority to reform a judgment to those situations in which the lesser offense is unaffected by the error

---

(...continued)

proper case, may modify a judgment of conviction below and affirm it as a conviction of a lesser degree of the offense charged, or of a lesser crime included therein, *where the errors do not affect the conviction of the lesser offense*") (emphasis added).

[2]    Some federal courts of appeals have concluded that reformation is appropriate only when the jury has been instructed on a lesser-included offense. *See, e.g., United States v. Dhinsa*, 243 F.3d 635, 676 (2d Cir. 2001); *United States v. Dinkane*, 17 F.3d 1192, 1198 (9th Cir. 1994). Others have reached the opposite conclusion, holding that a jury instruction on a lesser-included offense is not a prerequisite to an appellate court's exercise of its authority to reform a judgment to a lesser-included offense. *See, e.g., United States v. Hunt*, 129 F.3d 739, 745-46 (5th Cir. 1997); *United States v. Smith*, 13 F.3d 380, 383 (10th Cir. 1993); *United States v. Cobb*, 558 F.2d 486, 489 (8th Cir. 1977).  In *Bowen*, this Court sided with the latter approach, and I continue to agree with that position. *See Bowen v. State*, 374 S.W.3d 427, 432 (Tex. Crim. App. 2012).  But in doing so, this Court also abandoned the inherent limitation of restricting reformation to only those lesser offenses included in the jury instructions.  Now, there is no such limitation.

that led to reversal of the greater offense.[3] Such an approach takes account of the fact that, as this Court recognized in *Bowen*, it would be "unjust" to acquit a defendant who is clearly guilty of the lesser-included offense, and that the jury's guilty verdict should not be unnecessarily usurped. *Bowen*, 374 S.W.3d at 432. But it also recognizes that appellate courts are not well-suited to making factual determinations based on a weighing of evidence in the record, particularly with respect to questions that have not been expressly answered by the jury. These are the types of factual inquiries that are better left to juries at trial, and cannot reliably or fairly be answered by a reviewing court on appeal.

## II. At Most, This Case Should be Remanded for Trial on Criminal Attempt

I conclude that an appellate court should almost never reform a judgment to a criminal attempt because, in rendering a verdict of guilt on the greater offense, the jury has not found all the elements necessary to constitute a conviction for criminal attempt.[4] Although I

---

[3] Applying this principle, federal courts have generally reformed judgments to convictions for lesser-included offenses when the lesser offense is established as a matter of law after removal of the element affected by the sufficiency error. *See, e.g.*, *United States v. Eiland*, 738 F.3d 338, 359 (D.C. Cir. 2013) (vacating conviction for Continuing Criminal Enterprise under 21 U.S.C. § 848 due to insufficient evidence to sustain finding that appellant managed five or more individuals in drug conspiracy, but remanding for imposition of judgment on lesser-included offense of narcotics conspiracy); *United States v. Hickman,* 626 F.3d 756, 770–71 (4th Cir. 2010) (vacating conviction for conspiracy to distribute one kilogram or more of heroin due to insufficient evidence as to quantity of drugs, but remanding for imposition of judgment on lesser-included offense of conspiracy to distribute 100 grams or more of heroin); *United States v. Rojas-Alvarez*, 451 F.3d 320, 328–29 (5th Cir. 2006) (vacating conviction for drug activity within 1000 feet of a playground in violation of 21 U.S.C. §§ 841 and 860 due to insufficient evidence to establish playground element, but remanding for entry of judgment on lesser-included offense of distribution of controlled substance).

[4] I leave the door open to the possibility that a statute and jury instructions on the greater offense may, in some hypothetical case, include the specific-intent finding required for criminal
(continued...)

acknowledge that the Texas Code of Criminal Procedure classifies criminal attempt as a lesser-included offense of any charged offense,[5] this Court's precedents and the Rules of Appellate Procedure do not mandate that a conviction reversed on sufficiency grounds be automatically reformed to any available lesser-included offense. *See Britain*, 412 S.W.3d at 521 (acknowledging that *Bowen* held that "a court of appeals *may* reform a judgment to a lesser-included offense," but stating that this Court has never held "that the court of appeals *must* do so"); TEX. R. APP. P. 43.2 (stating that court of appeals "may" modify the trial court's judgment or reverse and render the judgment that the trial court should have rendered).[6] Instead, these authorities clearly permit an appellate court to forego reformation

---

(...continued)
attempt offenses.

[5]     The Texas Code of Criminal Procedure provides,

> An offense is a lesser included offense if:
>
> (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
>
> (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;
>
> (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or
>
> (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX. CODE CRIM. PROC. art. 37.09.

[6]     Texas Rule of Appellate Procedure 43.2, from which an appellate court derives its authority to reform a judgment, provides:

(continued...)

of the judgment when, among other things, the "interests of justice require a remand." TEX. R. APP. P. 43.3. With the exception of criminal attempt, I conclude that the other three categories of lesser-included offenses described in Code of Criminal Procedure Article 37.09 will almost always lend themselves to reformation of the judgment because in those situations, the evidentiary failure will likely be isolated to a single element of the greater offense that can easily be excised. For example, if the greater offense consists of five elements, and there is an evidentiary failure as to the fifth element, then the judgment may be reformed to the lesser offense that is established by the remaining four elements. This type of determination can be made by an appellate court as a matter of law and does not require an extensive review of the record to determine whether the jury necessarily found all the elements of the lesser offense. By focusing on a narrow difference between the greater and lesser offenses that can be isolated in the record, these situations lend themselves to reformation of a judgment as a matter of law.

By contrast, although the Code of Criminal Procedure expressly provides that a

---

(...continued)
> The court of appeals may:
>
> (a) affirm the trial court's judgment in whole or in part;
>
> (b) modify the trial court's judgment and affirm it as modified;
>
> (c) reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered;
>
> (d) reverse the trial court's judgment and remand the case for further proceedings;
>
> (e) vacate the trial court's judgment and dismiss the case; or
>
> (f) dismiss the appeal.

TEX. R. APP. P. 43.2.

criminal attempt is a lesser-included offense of any charged offense, there is a conflict between that determination and the language in the Texas Penal Code, which provides that a person commits criminal attempt if he, with the specific intent to commit an offense, does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. *See* TEX. PENAL CODE § 15.01(a). The language of the criminal-attempt statute thus contains an added element not found in the greater offense: the specific intent to commit an offense. *Id.* In light of this conflict between the Code of Criminal Procedure and the Penal Code, I conclude that the judgment must either be rendered and reformed to an acquittal or, at most, remanded for a trial on criminal attempt in the interests of justice because the jury would have never passed on the question of whether the defendant acted with the specific intent to commit an offense. *Id.* In any event, I note that making reformation mandatory in these cases runs contrary to the principle that an appellate court is authorized to determine whether remand would be more appropriate than rendering judgment in any given case. *See* TEX. R. APP. P. 43.3 (appellate court permitted to remand when "necessary for further proceedings" or when "interests of justice" so require).

The quandary of reforming a judgment to criminal attempt is reflected in the majority opinion's holding today, which concludes that reformation of the judgment is required here, in part, because the jury would have necessarily found every element of criminal attempt in finding appellant guilty of evidence tampering. I disagree with that conclusion because, as discussed above, the offense of criminal attempt to tamper with physical evidence requires

proof of the "specific intent to commit" evidence tampering, which is an additional element not found in the evidence tampering statute. To establish the offense of tampering with physical evidence, the evidence must show that the defendant,

> 1. "knowing that an investigation or official proceeding is pending or in progress,"
>
> 2. "alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding."

TEX. PENAL CODE § 37.09(a)(1). In describing the elements of tampering with evidence in this case, the trial court instructed the jury, as follows:

> [I]f you find from the evidence beyond a reasonable doubt that . . . the defendant . . . did then and there, knowing that an offense had been committed, to wit: Possession of Drug Paraphernalia, *intentionally and knowingly conceal physical evidence*, to wit: glass pipe with intent to impair the availability of glass pipe as evidence in a subsequent investigation, or official proceeding related to said offense, then you will find the defendant guilty of the offense of tampering with evidence[.]

(Emphasis added). In contrast to the elements of tampering with evidence, to establish a criminal attempt, the evidence must show that the defendant

> 1. acted "with specific intent to commit an offense," and
>
> 2. did an "act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended."

TEX. PENAL CODE § 15.01(a). Applying those elements to the elements of tampering with evidence, the jury instruction for criminal attempt would have read as follows:

> If you find from the evidence beyond a reasonable doubt that the defendant did then and there, knowing that an offense had been committed, to wit:

Possession of Drug Paraphernalia, acted with the specific intent to commit the offense of tampering with evidence, including the specific intent to conceal the physical evidence, namely, a glass pipe, with the specific intent to impair the availability of the glass pipe as evidence in a subsequent investigation or official proceeding, and he did an act amounting to more than mere preparation that tended but failed to effect the commission of the offense intended.

Both offenses of tampering with physical evidence and criminal attempt identically require the jury to find that appellant (1) knew that an offense had been committed, to wit: possession of drug paraphernalia, and (2) intended to impair the availability of the glass pipe as evidence. But criminal attempt also requires the jury to find that the defendant acted with specific intent to commit "an offense," which, in this case, adds an extra element that he specifically intended to conceal the glass pipe. No determination was made by the jury as to that element. The majority opinion suggests that a jury finding that appellant intended to impair the availability of the glass pipe as evidence is essentially the same as a finding that he acted with the specific intent to conceal the physical evidence, namely, a glass pipe. But the specific intent to conceal is a different factual question. A person may intend to impair the availability of a pipe as evidence by destroying it, altering it, or concealing it, and a finding by the jury that appellant acted with the specific intent to impair the availability of the pipe as evidence does not mean that it decided that appellant had the specific intent to conceal the pipe, particularly in light of the court of appeals's determination that the evidence is legally insufficient to establish that he concealed it. The position adopted by the majority opinion requires an appellate court, acting as the thirteenth juror, to decide in the first instance whether appellant acted with the specific intent to conceal the physical evidence and

whether he did an act that amounted to more than mere preparation that tended but failed to effect the commission of the offense intended.

Although it is true that criminal attempt can be a lesser-included offense of a charged offense, I note that this Court and Texas courts of appeals have, in some circumstances, declined to permit a jury instruction on criminal attempt. The Amarillo Court of Appeals explained the law as follows:

> There are instances in which courts have found the inconsistency between the "specific intent to commit an offense" requirement in the criminal attempt statute and the elements of a particular attempted offense precluded its use as a lesser-included offense under article 37.09(4). *See Gonzales v. State*, 532 S.W.2d 343, 345 (Tex. Crim. App. 1976) (instruction on attempted voluntary manslaughter properly denied as lesser-included offense of attempted murder; involuntary manslaughter negates specific intent to kill); *Yandell v. State*, 46 S.W.3d 357, 361 (Tex. App.—Austin 2001, pet. ref'd) (deadly conduct not lesser-included offense of manslaughter under art. 37.09(4); "it is impossible to specifically intend to recklessly kill another"). In its analysis in one such situation, the court in *Strong v. State*, 87 S.W.2d 206 (Tex. App.—Dallas 2002, pet. ref'd), pointed out that because the offense of driving while intoxicated has no culpable mental state, the attempt statute cannot apply to DWI.

*Heller v. State*, 347 S.W.3d 902, 904 (Tex. App.—Amarillo 2011, no pet.). From this discussion, it is apparent that a great amount of precedent indicates that criminal attempt, though generally a lesser-included offense under the law, is unlike other types of lesser-included offenses because of the additional element requiring a specific intent to commit an offense. *See id.*

I recognize that in *Bowen* this Court decided that a jury instruction on a lesser offense was no longer a prerequisite for appellate reformation of a judgment, but this Court should

not create a situation where reformation would be permitted if there were no jury instruction but not permitted if there had been a jury instruction. To this end, this Court should consistently apply the law on lesser-included offenses as described by *Hall v. State*, a case in which this Court determined that the first step in determining whether the jury may be instructed on a lesser-included offense is done by "comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense." *Hall v. State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007). This Court expressly held that the "pleadings approach is the sole test for determining in the first step whether a party may be entitled to a lesser-included-offense instruction." *Id*. at 535. In light of *Hall*, it is clear that an offense could theoretically be a lesser-included offense under a broadly worded statutory comparison of the elements of the lesser and greater offenses. But that does not mean that an offense is always a lesser-included offense of the charged offense because that determination can be made only by comparing the pleadings in the indictment or information, which may have modified the elements of the greater offense, to the elements of the lesser offense. *Id*. This Court held that, by "analyzing the statutory elements of the offense as they were modified in the indictment, the assault by threats was not included within the allegation of murder." *Id*. at 537. Here, the indictment and jury instructions permitted the jury to convict appellant based on evidence that he acted knowingly in concealing the physical evidence. Perhaps the pleadings alleging the greater offense could have been modified to require the jury to find that appellant intentionally

concealed the physical evidence, thereby pleading the same mental state for the greater and lesser offenses, but these pleadings failed to do that by requiring only a mental state of knowing concealment for the greater offense. In reforming this judgment to criminal attempt, this Court is applying a different standard for consideration of lesser offenses when an instruction on a lesser offense is not given than when it is given, which was precisely the problem this Court was attempting to correct when it decided *Bowen*.

In light of the pleadings and jury charge here, it is clear that the jury, in finding appellant guilty of evidence tampering, would have necessarily found that he intended to impair the availability of the crack pipe as evidence. But that is not necessarily the same thing as finding that appellant harbored the "specific intent to commit" the offense of evidence tampering, including the intent to conceal the crack pipe from police officers. This Court has held in the context of the criminal attempt statute that the "specific intent" to commit an offense requires a finding that the defendant specifically intended to bring about a particular result. *See, e.g., Chen v. State*, 42 S.W.3d 926, 929 (Tex. Crim. App. 2001); *Yalch v. State*, 743 S.W.2d 231, 233 (Tex. Crim. App. 1988); *Flanagan v. State*, 675 S.W.2d 734, 741 (Tex. Crim. App. 1984) ("element 'with specific intent to commit an offense' has traditionally been interpreted to mean that the actor must have the intent to bring about the desired result"). Here, the jury made no such affirmative finding that appellant desired to bring about the concealment of the crack pipe. Because the jury did not implicitly find all the elements of criminal attempt in rendering its verdict of guilt on the tampering charge, I

disagree with the majority opinion's conclusion that reformation is required here. *See* TEX.

PENAL CODE §§ 15.01(a); 37.09; *Bowen*, 374 S.W.3d at 431–32.[7]

This Court should hold that, although criminal attempt is a lesser-included offense of any charged offense, it is ordinarily inappropriate to reform the judgment to criminal attempt because the jury's verdict does not necessarily encompass a finding that the defendant acted with the specific intent to commit the greater offense. The adoption of such a bright-line rule would prevent courts of appeals from engaging in improper speculation in these cases while affording adequate deference to the jury's institutional role as fact-finder.

### III. Conclusion

Because I view the approach taken by the majority opinion as constituting an unwise expansion of this Court's holding in *Bowen*, I respectfully dissent. I would hold, generally, that reformation of the judgment should be limited to situations in which the underlying sufficiency error does not extend to the lesser-included offense, and in which an appellate court can clearly isolate the element affected by the sufficiency error and evaluate the remaining evidence to determine whether the jury necessarily found all the elements of the

---

[7]     Other courts have, under similar circumstances, declined to modify a judgment to a criminal attempt when the attempt statute would require proof of a specific-intent element not found in the greater offense. *See, e.g.*, *People v. Bailey*, 279 P.3d 1120, 1122 (Cal. 2012) (declining to reform judgment from prison escape to attempted prison escape because "attempt to escape contains a specific intent element not present in escape" and was, therefore, under California law, not a lesser-included offense eligible for reformation of judgment); *In re Heidari*, 274 P.3d 366, 370–71 (Wash. 2012) (declining to reform judgment from child molestation to attempted child molestation in part because crime of attempt "requires proof that the defendant acted 'with intent'" not present in molestation statute).

lesser offense beyond a reasonable doubt.  Applying those principles to the facts of this case, I conclude that reformation of the judgment to criminal attempt is improper here.  I would, therefore, affirm the judgment of the court of appeals.

Filed: April 2, 2014

Publish